UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| HANNAH MATTHEWS PARTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CV-14-TAV-DCP |
| MICHAEL RUBENS BLOOMBERG, | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed *In Forma Pauperis* ("Application") [Doc. 4], filed on January 13, 2021. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that Plaintiff shall be allowed to file her Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED**. The Court further **RECOMMENDS** that Plaintiff be referred to the Chief District Judge to determine whether an injunction should issue against her pursuant to the Court's Standing Order 18-04.

### I. FILINGS AND ALLEGATIONS

Plaintiff has filed an Application to Proceed *In Forma Pauperis*, with the required detailing of her financial condition. [Doc. 4]. The application demonstrates that Plaintiff has little income and few assets.

In her Complaint, Plaintiff alleges "[s]evere form of human trafficking." [Doc. 1 at 3]. She claims that she was brought to the United States by her grandmother, Queen Elizabeth. [*Id.*

1

at 4]. In addition, Plaintiff claims that she was kidnapped and the victim of human trafficking. [*Id.*]. She lists several additional crimes (e.g., domestic terrorism, identity theft, and so forth) and requests $3 million. [*Id.* at 5].[1]

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B).

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

### A. Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that the "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter."). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be

---

[1] Plaintiff's Application also lists a number of crimes and allegations, which the Court has reviewed. [Doc. 4 at 1].

2

Case 3:21-cv-00014-TAV-DCP   Document 5   Filed 03/04/21   Page 2 of 5   PageID #: 23

absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, Plaintiff's Application and economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears to the Court that Plaintiff's Application sets forth grounds for so proceeding. Accordingly, the Application to Proceed *In Forma Pauper* [**Doc. 4**] is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

**B.     Merits**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Complaint is "frivolous or malicious." 28 U.S.C. § 1915(e). "A complaint is frivolous only if the plaintiff fails to present a claim with an 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. 325). A complaint is legally frivolous "when 'indisputably meritless' legal theories underlie the complaint," and the complaint is factually frivolous "when it relies on 'fantastic or delusional' allegations." *Id*. (quoting *Neitzke*, 490 U.S. at 327-28).

The Court has reviewed the Complaint in this matter, and the Court finds that Plaintiff's allegations are frivolous and need not be credited by the Court. *See Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) ("The standard is not whether or not the district court believes the

3

[plaintiff]—rather, it is whether the facts are rational."). Plaintiff alleges that she was brought to the United States by her grandmother, Queen Elizabeth, and that she is the victim of human trafficking. She then lists a number of other crimes, *see* [Doc. 1 at 5], but she does not include any factual allegations about these crimes. Further, while she names Michael Bloomberg as a Defendant, there are no allegations against him in the Complaint. Accordingly, the Court finds dismissal appropriate.

As a final matter, the Court notes that the instant lawsuit is not Plaintiff's first case filed in the Eastern District of Tennessee. *See Parton v. Trump*, 3:20-mc-72 (administratively closed for failing to pay the filing fee or filing an *in forma pauperis* application), *Parton v. University of Michigan Medicine*, 3:20-mc-73 (administratively closed for failing to pay the filing fee or filing an *in forma pauperis* application), *Parton v. Hilton Hotels*, 3:20-mc-74 (administratively closed for failing to pay the filing fee or filing an *in forma pauperis* application); *Parton v. Trump*, 3:21-mc-6 (awaiting plaintiff's filing fee or *in forma pauperis* application, but the allegations in the complaint appear to be frivolous). [2] The complaints in the above cases contain frivolous allegations, similar to the instant matter, and need not be credited. The Court also deems Plaintiff's repeated actions of filing cases without paying the filing fee or filing an *in forma pauperis* application harassing and a waste of the Court's judicial resources. Accordingly, the Court **RECOMMENDS** that Plaintiff be referred to Chief Judge Travis McDonough pursuant to SO-18-04 for consideration of whether an injunction on her filing abilities is appropriate.

---

[2] The Court also notes that Plaintiff has filed another case, *Parton v. Veterans United Home Loans,* No. 3:21-cv-15, which the undersigned has recommended that the complaint be dismissed for failure to state a claim of relief.

4

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. 4**] is well taken, and the same is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[3] because it is **RECOMMENDED**[4] that the Complaint [**Doc. 1**] be **DISMISSED**. The Court further **RECOMMENDS** that Plaintiff be referred to the Chief District Judge to determine whether an injunction should issue against Plaintiff pursuant to the Court's Standing Order 18-04.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).